**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISCTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DBO PROPERTIES LTD AND DBO INVESTMENTS LLC,** *Plaintiff,* | § § § § § | |
| **v.** | § § § | Civil Action No. 5:23-cv-654-FB (HJB) |
| **TWIN CITY FIRE INSURANCE COMPANY,** *Defendant.* | § § § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW, DBO Properties Ltd. and DBO Investments LLC (hereinafter referred to as "Plaintiffs"), and files this *Plaintiffs' First Amended Complaint*, complaining of Defendant Twin City Fire Insurance Company ("Defendant"), and in accordance with the Court's Order (Doc. 12) respectfully amends its pleading as follows:

**PARTIES**

1. Plaintiffs, DBO Properties Ltd., is a Texas Limited Partnership domiciled in and with its principal place of business in Bexar County, Texas.

2. Plaintiffs, DBO Investments LLC, is a Texas Limited Partnership domiciled in and with its principal place of business in Bexar County, Texas.

3. Defendant, **TWIN CITY FIRE INSURANCE COMPANY ("TWIN CITY")**, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.

## NOTICE OF STIPULATION

4. Plaintiff stipulates to the dismissal of Defendant, HARTFORD UNDERWRITERS INSURANCE COMPANY ("HARTFORD"), without prejudice, pursuant to Federal Rules of Civil Procedure 41(a)(1)(ii).

## JURISDICTION AND VENUE

5. On May 22, 2023, Defendant filed its Notice of Removal herein (Doc. 1), alleging this Court's jurisdiction over it and Plaintiffs. In the Notice of Removal Defendant alleged that Hartford is not a correct party to this litigation and instead, Twin City is the sole insurer that issued the insurance policy to the named insured, Plaintiff DBO Properties Ltd. Based on the said representations, Plaintiff stipulates to the Dismissal without prejudice of Defendant Harford pursuant to Federal Rules of Civil Procedure 41(a)(1)(ii).

6. The Court has jurisdiction over Defendant because this Defendant on information is a foreign insurance corporation engaging in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7. Venue is proper in this district, because Plaintiff's principal place of business is Bexar County, Texas, the insured property at issue is situated therein, the events giving rise to this lawsuit occurred therein, and the state court where the lawsuit was originally filed is located within the district.

## CONDITIONS PRECEDENT

8. Plaintiffs allege generally that all conditions precedent have occurred and/or been performed.

## FACTS

9. Plaintiffs is the owner of Texas insurance policy 65SBANZ4819 (hereinafter the "Policy"), which was issued by Defendant.

10. Plaintiffs own the insured property, which is specifically located at 18154 Blanco Road, San Antonio, TX 78258 (hereinafter the "Property").

11. Defendant sold the Policy insuring the Property to Plaintiffs.

12. On or about May 27, 2020, a wind/hailstorm caused extensive damage to the insured Property.

13. Plaintiffs submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event. Upon information and belief, Defendant assigned event number CP0018935760 and/or claim number Y93 F 84121 to the claim.

14. Plaintiffs asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

15. Plaintiffs contracted with Mr. George Driskell of Tamarisk Private Adjusting to conduct objective inspections of the property. Mr. Driskell found hail damage to the property including the roof.

16. On or about December 9, 2020, Mr. Driskell issued an estimate of the cost to repair or replace the damages containing twenty-nine line items in the amount of $245,853.85 replacement cost value, which is the reasonable and necessary amount to indemnify Plaintiffs. Mr. Driskall also prepared a photo report documenting hail and other damage to the property. The estimate and photo report were provided to Defendant and/or its representative.

17. On or about March 29, 2021, Defendant's representative, Crawford, issued an estimate of damages for the Property in the amount of $7,405.92 replacement cost value. The estimate included only five line items and grossly underestimated the true damage to the property. The amount estimated is insufficient to indemnify Plaintiffs.

18. Defendant's estimate of the damages is a mere fraction of the reasonable and necessary amount to indemnify Plaintiff. The estimate is evidence that Defendant conducted an unreasonable investigation.

19. By letter dated March 29, 2021, Defendant's claim representative advised that there would be no payment of the claim because the amount of damages was below the deductible. By the letter, Defendant effectively denied Plaintiffs' claims.

20. By the estimate, Defendant and/or its agent knowingly and intentionally misrepresented overtly or by omission the true scope of the damage to the property, the actual items damaged, the true value of the cost of repair or replacement of the damaged property, the cause of the damage, and the actual insurance coverage available under the policy to cover the full extent of the loss.

21. Moreover, Defendant failed to correct its unreasonable investigation despite that Mr. Driskall provided information to Defendant pointing out the deficiencies in its investigation and its estimate.

22. Defendant still has not fully indemnified Plaintiffs in breach of the insurance policy.

23. Defendant inspected the property and did not issue a payment to Plaintiffs for the damages. Defendant on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

24. Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiffs to repair the Property, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

25. As detailed in the paragraphs below, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

26. To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to the Property.

27. Defendant failed to perform their contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

28. Defendant misrepresented to Plaintiffs that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

29. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

30. Defendant failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

31. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

32. Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

33. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

34. Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

35. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

36. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

37. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

38. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## **CAUSES OF ACTION**

39. Defendant is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## **BREACH OF CONTRACT**

40. The Policy is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

41. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

42. Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

43. The Defendant's breach proximately caused Plaintiffs' injuries and damages.

44. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

45. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

46. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

47. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

48. Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

49. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

50. Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

51. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and was a producing cause of Plaintiffs' injuries and damages.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

52. The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

53. Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and/or request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

54. Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

55. Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

56. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiffs' injuries and damages.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

57. The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

58. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

59. Defendant's conduct proximately caused Plaintiffs injuries and damages.

**VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT**

60. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

61. Plaintiffs are "consumer[s]" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

62. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

    e)    Violated the provisions of the Texas Insurance Code described herein.

63. The Defendant took advantage of the Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiffs detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiffs suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief.

## COMMON LAW FRAUD

64. Defendant is liable to Plaintiffs for common law fraud.

65. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

66. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

67. The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits. The Defendant allowed Plaintiffs to use this information, or lack thereof, in justifiable

reliance in accepting the denial and/or underpayment. Plaintiffs relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## DAMAGES

68. Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result of Defendant's conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

69. Plaintiffs would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

70. The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

71. Plaintiff has been independently damaged by Defendant's bad faith acts and omissions set forth above.

72. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

73. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times actual damages. TEX. INS. CODE §541.152.

74. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

75. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

76. For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiffs' damages for economic relief, along with attorney's fees, interest and court costs.

77. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

78. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney

in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

79. Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

80. Plaintiffs request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiffs' First Amended Complaint*.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that final judgment be rendered for the Plaintiffs as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;
2) Statutory benefits;
3) Treble damages;
4) Exemplary and punitive damages;
5) Pre-judgment interest as provided by law;
6) Post-judgment interest as provided by law;
7) Attorneys' fees;
8) Costs of suit;
9) Such other and further relief to which Plaintiffs may be justly entitled.

[Signature on Following Page]

Respectfully Submitted,

By: ______________________________

J. Rohlf Jewell
Texas Bar No. 24046157
rjewell@hodgefirm.com
Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
The Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served in compliance with Federal Rules of Civil Procedure on September 1st, 2023, to:

Martin R. Sadler
Texas Bar No.: 00788842
Federal Id.: 18230
sadler@litchfieldcavo.com
E. R. Hamilton
Texas Bar No.: 24068685
Federal Id.: 1322622
LITCHFIELD CAVO, LLP
One Riverway, Suite 1000
Houston, Texas 77056
Telephone: (713) 418-2000
Facsimile: (713) 418-2001
**ATTORNEYS FOR DEFENDANT TWIN CITY FIRE INSURANCE COMPANY**

By: ____________________
J. Rohlf Jewell